1  LEONARDO M. RAPADAS
   United States Attorney
2  KARON V. JOHNSON
   Assistant U.S. Attorney
3  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
4  Hagåtña, Guam 96910
   Telephone: (671) 472-7332
5  Telecopier: (671) 472-7334

6  Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

JAN 2 4 2008 *n/oo*

**JEANNE G. QUINATA**
**Clerk of Court**

7

8              **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE DISTRICT OF GUAM**

10  UNITED STATES OF AMERICA,          )    CRIMINAL CASE NO. 07-00064
                                       )
11                     Plaintiff,      )    **AFFIDAVIT IN SUPPORT OF**
                                       )    **REQUEST FOR EXTRADITION**
12                                     )
                                       )
13              vs.                    )
                                       )
14  MI KYUNG BOSLEY, aka               )
    MI KYUNG PARK.,                    )
15                                     )
                       Defendant.      )
16  ───────────────────────────────── )

17        Your Affiant, KARON V. JOHNSON, being first duly sworn, does depose and say:

18        1. I am a citizen of the United States of America. I currently reside in the

19  United States Territory of Guam.

20        2. I submit this affidavit in support of the request for the extradition of MI KYUNG

21  BOSLEY, also known as MI KYUNG PARK..

22        3. I received a Bachelor of Science Degree from the University of Minnesota in

23  December, 1966. I received a Masters of Science Degree from the University of Oregon in June,

24  1971. I received a Juris Doctor from the University of Oregon School of Law in June, 1976. In

25  September, 1976, I was admitted to the Bar of the State of Oregon. I was admitted to the Bar of

26  the United States Court of Appeals for the Ninth Circuit in June, 1989.

27        4. My legal experience in criminal litigation is as follows. In September, 1976, I was

28  employed as a Deputy District Attorney for Multnomah County, Oregon. During the next 13

1  years I directed the investigation and prosecution of hundreds of felony crimes and tried over
2  300 misdemeanor and felony jury and court trials. I was a Senior Deputy District Attorney when
3  I left the District Attorney's Office in March, 1989. From March, 1989, to the present I have
4  been employed with the United States Department of Justice as an Assistant United States
5  Attorney in the Districts of Guam and the Commonwealth of the Northern Mariana Islands
6  (CNMI). My duties include the investigation of criminal violations of the laws of the United
7  States and the charging and prosecution of persons who violate these laws. During my practice
8  as an Assistant United States Attorney, I have become knowledgeable about the criminal laws
9  and procedures of this District and the United States, particularly in the area of alien smuggling,
10  as described in Title 8 of the United States Code.

11      5. As an Assistant U.S. Attorney for the District of Guam, my responsibilities
12  include the investigation and prosecution of the criminal case named United States v.Mi Kyung
13  Bosley, aka Mi Kyung Park, and In Hyuk Kim, District Court of Guam Criminal Case Number
14  07-0064.

15      6. On July 25, 2007, a federal grand jury, sitting in the District of Guam, returned
16  and filed an indictment charging MI KYUNG BOSLEY, aka MI KYUNG PARK (Bosley) and a
17  confederate, In Hyuk Kim, with Conspiracy to Commit Alien Smuggling, in violation of Title
18  18, United States Code, Sections 2 and 371. An indictment is a formal accusation or charging
19  document issued by a grand jury, which is part of the judicial branch of the U.S. Government. A
20  grand jury is a group of 16 to 23 citizens who review the evidence of crimes presented to it by
21  the United States law enforcement authorities. Each member of the grand jury must review
22  independently the evidence presented and determine if there is probable cause to believe that a
23  crime has been committed and that the particular defendant or defendants committed the crime.
24  After at least twelve (12) grand jurors affirmatively vote that the defendant probably committed
25  the crime or crimes, the grand jury may return an indictment charging the defendant with a
26  //

27

28                                      -2-

1  crime. After the grand jury returns an indictment, a warrant for the defendant's arrest is issued at

2  the discretion of a United States District Court judge or magistrate.

3      7. On June 15, 2005, Deputy Clerk Walter M. Tenorio issued a warrant for Bosley's

4  arrest for the offense charged in the indictment. Deputy Clerk Walter M. Tenorio had authority

5  to issue the warrant for the arrest of Bosley. It is the practice in the U.S. District Court for the

6  District of Guam for the Clerk of Court to retain the originals of all complaints, indictments and

7  warrants of arrest, and to file them with the records of the Court. Therefore, I have obtained true

8  and accurate copies of the indictment and arrest warrant from the Clerk of Courts and have

9  attached them to this affidavit as Exhibits A and B respectively.

10      8(a). The statutes cited in the indictment, and those that form the basis for the United

11  States' request for extradition, are Title 18, United States Code, Sections 2 and 371, and Title 8,

12  United States Code, Section 1324(a)(1)(A)(iii). A violation of these statutes is a felony under

13  the United States law and carries a penalty in excess of one year incarceration. Each of these

14  statutes was duly enacted law of the United States at the time that the time the indictment was

15  filed, and remain in effect full force and effect. The text of the statutes which apply to this case

16  is attached hereto as Exhibit C.

17      8(b). Also included as part of Exhibit C is the text of the statue of limitations applicable

18  to the prosecution of this offense, Title 18, United States Code, Section 3282(a). As the

19  indictment was filed within five years of the offense, this prosecution is not barred by the statute

20  of limitations.

21      9(a). I attest that the specific violations in the Indictment which support the Warrant of

22  Arrest are as follows:

23      The Indictment charges that "On or between November 2, 2006, and January 30, 2007,

24  within the District of Guam and elsewhere, the defendants herein, MI KYUNG BOSLEY and IN

25  HYUK KIM, did unlawfully, willfully, and knowingly combine, conspire, confederate and agree

26  with each other and with other persons both known and unknown to the Grand Jury, to commit

27

28                                  -3-

1　an offense against the United States, to-wit: alien smuggling for commercial advantage and
2　financial gain, in violation of Title 8, U.S.C. § 1324(a)(1)(A)(iii), and did commit overt acts in
3　furtherance of said conspiracy and to achieve the object thereof, to-wit:

4　　　　1) On November 6, 2006, MI KYUNG BOSLEY accepted $1,400 in United
5　States currency for the purpose of ensuring that the I-94 forms which had been issued to Korean
6　nationals Su Jeong CHOI, Ji Young AN, and Jang Mi BYEON, when they entered Guam as
7　tourists on the Korean tourist visa waiver program, were entered into the Treasury Enforcement
8　Communication System (TECS) computer system, to make it appear they had departed Guam,
9　the defendants believing that in fact said nationals had not departed Guam;

10　　　　2) On November 6, 2006, MI KYUNG BOSLEY gave IN HYUK KIM $1,200 in
11　United States currency and copies of passports and I-94 forms for three Korean nationals, Su
12　Jeong Choi, Ji Young An and Jang Mi Byeon;

13　　　　3) On November 17, 2006, MY KYUNG BOSLEY accepted $800 in United
14　States currency for the purpose of ensuring that an I-94 form which had been issued to Korean
15　national Mi Sun IM when she entered Guam as a tourist on the Korean tourist visa waiver
16　program, was entered into TECS to make it appear she had departed Guam, and to ensure that
17　Korean national Jang Mi BYEON would be able to leave Guam without having to surrender her
18　I-94 form to U.S. Customs and Border Protection;

19　　　　4) On November 17, 2006, MY KYUNG BOSLEY gave IN HYUK KIM $800 in
20　United States currency and copies of the I-94 form for Mi Sun IM;

21　　　　5) On November 17, 2006, MY KYUNG BOSLEY telephoned another individual
22　to report that IN HYUK KIM needed the e-ticket number or airline ticket of Jang Mi BYEON;

23　　　　6) On January 16, 2007, IN HYUK KIM met another individual at King's
24　Restaurant in Harmon to discuss the status of the I-94 forms in the names of Su Jeong CHOI, Ji
25　Young AN,  Jang Mi BYEON, and Mi Sun IM,

26　　　　ALL IN VIOLATION of Title 18, United States Code, Sections 2 and 371."

27

28　　　　　　　　　　　　　　　　-4-

1    9(b). To establish the offense of Conspiracy in violation of Title 18, United States Code,

2    Section 371, the government must prove the following elements beyond a reasonable doubt:

3            First: beginning on or about the dates charged in the indictment, there
             was an agreement between two or more persons to commit the crime of
4            alien smuggling as charged in the indictment;

5
             Second: the defendant became a member of the conspiracy knowing of
6            at least one of its objects and intending to help accomplish it; and

7            Third: one of the members of the conspiracy performed at least one overt
             act for the purpose of carrying out the conspiracy, with the jury all agreeing
8            on the particular overt act committed.

9    9(c). To establish the offense of Alien Smuggling for commercial profit or financial

10   gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), the government must

11   prove each of the following elements beyond a reasonable doubt:

12           First, the defendant concealed, harbored, or shielded from detection, or
             attempted to conceal, harbor, or shield from detection, an alien;
13
             Second, the defendant knew or was in reckless disregard of the fact that
14           the alien had come to, entered or remained in the United States in
             violation of law; and
15
             Third, the defendant committed this act for the purpose of commercial
16           advantage or private financial gain.

17   9(d). A defendant may be found guilty of alien smuggling even if the defendant

18   personally did not commit the act or acts constituting the crime but caused or aided and abetted

19   in its commission. To prove a defendant guilty of aiding and abetting, a violation of Title 18,

20   United States Code, Section 2, the government must prove beyond a reasonable doubt each of

21   the following elements:

22
             First, the charged crime was committed by someone;
23
             Second, the defendant knowingly and intentionally aided, counseled,
24           commanded, induced, procured or caused that person to commit the
             charged crime; and
25
             Third, the defendant acted before the crime was completed.
26

27

28                                              -5-

10. The United States of America has jurisdiction over this offense because it was committed on Guam, which is a territory of the United States and subject to the jurisdiction of the United States pursuant to Title 18, United States Code, § 5, which provides that the term United States "includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone."

11. The facts and circumstances supporting this request for extradition are set forth in the Affidavit of Immigration and Customs Enforcement (ICE) Special Agent Richard M. Flores, attached hereto as Exhibit E. I have reviewed the Affidavit of Agent Flores, and believe it fully and accurately sets forth the facts supporting the indictment of this defendant.

12. The following exhibits are annexed to this affidavit and are incorporated by reference herein:

Exhibit A - Indictment

Exhibit B - Arrest warrant

Exhibit C - Copies of applicable statutes

Exhibit D - Affidavit of ICE Special Agent Richard M. Flores.

Dated: Hagatna, Guam
     Territory of Guam
     United States of America
     January 24, 2008

KARON V. JOHNSON
Assistant U.S. Attorney
Districts of Guam and NMI

I hereby certify that this is the original affidavit sworn to and subscribed to before me by Karon V. Johnson on January 24, 2008, in Hagatna, Territory of Guam, United States of America.

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge
District Court of Guam

-6-

1 | bosley-kimind

2 | LEONARDO M. RAPADAS
United States Attorney
3 | KARON V. JOHNSON
Assistant U.S. Attorney
4 | Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
5 | Hagatna, Guam 96910
Telephone: (671) 472-7332
6 | Telecopier: (671) 472-7334

7 | Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

JUL 25 2007

MARY L.M. MORAN
CLERK OF COURT

8

9 | ## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM
10

11 | UNITED STATES OF AMERICA,  )  CRIMINAL CASE NO. **07-00064**

12 |                     Plaintiff,  )

13 |        vs.  )  **INDICTMENT**

14 | MI KYUNG BOSLEY, aka Mi Kyung Park, )  **CONSPIRACY TO COMMIT
and IN HYUK KIM, aka Dominic,  )  ALIEN SMUGGLING**
15 |  )  [18 U.S.C. §§ 2 & 317]

                    Defendants.  )
16 |

17

18 | THE GRAND JURY CHARGES:

19 |         On or between November 2, 2006, and January 30, 2007, within the District of Guam and

20 | elsewhere, the defendants herein, MI KYUNG BOSLEY and IN HYUK KIM, did unlawfully,

21 | willfully, and knowingly combine, conspire, confederate and agree with each other and with

22 | other persons both known and unknown to the Grand Jury, to commit an offense against the

23 | United States, to-wit: alien smuggling for commercial advantage and financial gain, in violation

24 | of Title 8, U.S.C. § 1324(a)(1)(A)(iii), and did commit overt acts in furtherance of said

25 | conspiracy and to achieve the object thereof, to-wit:

26 | //

27

28 | -1-

EXHIBIT

*A*

1  Harmon to discuss the status of the I-94 forms in the names of Su Jeong CHOI, Ji Young AN,

2  Jang Mi BYEON, and Mi Sun IM,

3      ALL IN VIOLATION of Title 18, United States Code, Sections 2 and 371.

4  Dated this 25 day of July, 2007.

5                                          A TRUE BILL.

6                                          *Debbie Guerrero*

7

8                                          DEBBIE LEON GUERRERO
                                           Foreperson

9

10  LEONARDO M. RAPADAS
    United States Attorney
    Districts of Guam and NMI

11

12  By: *Karon V. Johnson*

13  KARON V. JOHNSON
    Assistant U.S. Attorney

14

15  Reviewed:

16  By: *Jeffrey J. Strand*

17  JEFFREY J. STRAND
    First Assistant U.S. Attorney

18

19

20

21

22

23

24

25

26

27

28                       -3-

# UNITED STATES DISTRICT COURT

District of _____ **GUAM**

UNITED STATES OF AMERICA

**WARRANT FOR ARREST**

V.

MI KYUNG BOSLEY aka
MI KYUNG PARK

Case Number: CR-07-00064-001

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ MI KYUNG BOSLEY aka MI KYUNG PARK

Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment  ☐ Information  ☐ Complaint  ☐ Order of court  ☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice

charging him or her with   (brief description of offense)

Conspiracy to Commit Alien Smuggling

in violation of Title _____ **18** _____ United States Code, Section(s) _____ **2 and 317**

| | |
|---|---|
| WALTER M. TENORIO | /s/ Walter M. Tenorio |
| Name of Issuing Officer | Signature of Issuing Officer |
| Deputy Clerk | 7/25/2007         Hagatna, Guam |
| Title of Issuing Officer | Date              Location |

---

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

**EXHIBIT**

*B*

# 2007 EDITION

# FEDERAL
# CRIMINAL CODE
## and
# RULES

As received to February 2, 2007

Rules of Criminal Procedure
Rules Governing Habeas Corpus Cases
Rules Governing Motion Attacking Sentence
Rules for the Alien Terrorist Removal Court
Rules of Evidence
Rules of Appellate Procedure
Rules of Supreme Court of the United States

Includes legislation through Public Law 109-482, approved January 15, 2007



**THOMSON**

**WEST**

Mat #40521485



EXHIBIT

*C*

▷

**Effective:[See Text Amendments]**

United States Code Annotated Currentness
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    ▒ Part I. Crimes (Refs & Annos)
      ▒ Chapter 19. Conspiracy (Refs & Annos)
        → **§ 371. Conspiracy to commit offense or to defraud United States**

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

CREDIT(S)

(June 25, 1948, c. 645, 62 Stat. 701; Sept. 13, 1994, Pub.L. 103-322, Title XXXIII, § 330016(1)(L), 108 Stat. 2147.)

Current through P.L. 110-176 (excluding P.L. 110-140, 110-149, 110-161, and 110-172 to 110-175) approved 1-4-08

Copr. (C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

**Effective: April 30, 2003**

United States Code Annotated Currentness
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    Part II. Criminal Procedure
      Chapter 213. Limitations (Refs & Annos)
        → § 3282. Offenses not capital

(a) **In general.**--Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

(b) **DNA profile indictment.**--

  (1) **In general.**--In any indictment for an offense under chapter 109A for which the identity of the accused is unknown, it shall be sufficient to describe the accused as an individual whose name is unknown, but who has a particular DNA profile.

  (2) **Exception.**--Any indictment described under paragraph (1), which is found not later than 5 years after the offense under chapter 109A is committed, shall not be subject to--

    (A) the limitations period described under subsection (a); and

    (B) the provisions of chapter 208 until the individual is arrested or served with a summons in connection with the charges contained in the indictment.

  (3) **Defined term.**--For purposes of this subsection, the term "DNA profile" means a set of DNA identification characteristics.

CREDIT(S)

(June 25, 1948, c. 645, 62 Stat. 828; Sept. 1, 1954, c. 1214, § 12(a), formerly § 10(a), 68 Stat. 1145, renumbered Sept. 26, 1961, Pub.L. 87-299, § 1, 75 Stat. 648; Apr. 30, 2003, Pub.L. 108-21, Title VI, § 610(a), 117 Stat. 692.)

Current through P.L. 110-176 (excluding P.L. 110-140, 110-149, 110-161, and 110-172 to 110-175) approved 1-4-08

Copr. (C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.
END OF DOCUMENT

C

**Effective:[See Text Amendments]**

United States Code Annotated Currentness
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    ⌐⚅ Part I. Crimes (Refs & Annos)
      ⌐⚅ Chapter 1. General Provisions (Refs & Annos)
        → § 2. Principals

**(a)** Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

**(b)** Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

CREDIT(S)

(June 25, 1948, c. 645, 62 Stat. 684; Oct. 31, 1951, c. 655, § 17b, 65 Stat. 717.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1948 Acts. Based on Title 18, U.S.C., 1940 ed., § 550 (Mar. 4, 1909, c. 321, § 332, 35 Stat. 1152 [Derived from R.S. §§ 5323, 5427] ).

Section 2(a) comprises § 550 of Title 18, U.S.C., 1940 ed., without change except in minor matters of phraseology.

Section 2(b) is added to permit the deletion from many sections throughout the revision of such phrases as "causes or procures".

The section as revised makes clear the legislative intent to punish as a principal not only one who directly commits an offense and one who "aids, abets, counsels, commands, induces or procures" another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States.

It removes all doubt that one who puts in motion or assists in the illegal enterprise or causes the commission of an indispensable element of the offense by an innocent agent or instrumentality, is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense.

This accords with the following decisions: *Rothenburg v. United States*, 1918, 38 S.Ct. 18, 245 U.S. 480, 62 L.Ed. 414, and *United States v. Hodorowicz*, C.C.A.Ill.1939, 105 F.2d 218, certiorari denied 60 S.Ct. 108, 308 U.S. 584, 84

▷

**Effective: November 10, 2005**

United States Code Annotated Currentness
   Title 8. Aliens and Nationality (Refs & Annos)
      Chapter 12. Immigration and Nationality
         ꙮ Subchapter II. Immigration
            ꙮ Part VIII. General Penalty Provisions
               → **§ 1324. Bringing in and harboring certain aliens**

(a) Criminal penalties

(1)(A) Any person who--

   (i) knowing that a person is an alien, brings to or attempts to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such alien;

   (ii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law;

   (iii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation;

   (iv) encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law; or

   (v)(I) engages in any conspiracy to commit any of the preceding acts, or

   (II) aids or abets the commission of any of the preceding acts,

shall be punished as provided in subparagraph (B).

(B) A person who violates subparagraph (A) shall, for each alien in respect to whom such a violation occurs--

   (i) in the case of a violation of subparagraph (A)(i) or (v)(I) or in the case of a violation of subparagraph (A)(ii), (iii), or (iv) in which the offense was done for the purpose of commercial advantage or private financial gain, be fined under Title 18, imprisoned not more than 10 years, or both;

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(ii) in the case of a violation of subparagraph (A) (ii), (iii), (iv), or (v)(II), be fined under Title 18, imprisoned not more than 5 years, or both;

(iii) in the case of a violation of subparagraph (A) (i), (ii), (iii), (iv), or (v) during and in relation to which the person causes serious bodily injury (as defined in section 1365 of Title 18) to, or places in jeopardy the life of, any person, be fined under Title 18, imprisoned not more than 20 years, or both; and

(iv) in the case of a violation of subparagraph (A) (i), (ii), (iii), (iv), or (v) resulting in the death of any person, be punished by death or imprisoned for any term of years or for life, fined under Title 18, or both.

(C) It is not a violation of clauses- [FN1] (ii) or (iii) of subparagraph (A), or of clause (iv) of subparagraph (A) except where a person encourages or induces an alien to come to or enter the United States, for a religious denomination having a bona fide nonprofit, religious organization in the United States, or the agents or officers of such denomination or organization, to encourage, invite, call, allow, or enable an alien who is present in the United States to perform the vocation of a minister or missionary for the denomination or organization in the United States as a volunteer who is not compensated as an employee, notwithstanding the provision of room, board, travel, medical assistance, and other basic living expenses, provided the minister or missionary has been a member of the denomination for at least one year.

(2) Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each alien in respect to whom a violation of this paragraph occurs--

(A) be fined in accordance with Title 18 or imprisoned not more than one year, or both; or

(B) in the case of--

(i) an offense committed with the intent or with reason to believe that the alien unlawfully brought into the United States will commit an offense against the United States or any State punishable by imprisonment for more than 1 year,

(ii) an offense done for the purpose of commercial advantage or private financial gain, or

(iii) an offense in which the alien is not upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry,

be fined under Title 18 and shall be imprisoned, in the case of a first or second violation of subparagraph (B)(iii), not more than 10 years, in the case of a first or second violation of subparagraph (B)(i) or (B)(ii), not less than 3 nor more than 10 years, and for any other violation, not less than 5 nor more than 15 years.

(3)(A) Any person who, during any 12-month period, knowingly hires for employment at least 10 individuals with actual knowledge that the individuals are aliens described in subparagraph (B) shall be fined under Title 18 or imprisoned for not more than 5 years, or both.

(B) An alien described in this subparagraph is an alien who--

(i) is an unauthorized alien (as defined in section 1324a(h)(3) of this title), and

(ii) has been brought into the United States in violation of this subsection.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works

(4) In the case of a person who has brought aliens into the United States in violation of this subsection, the sentence otherwise provided for may be increased by up to 10 years if--

(A) the offense was part of an ongoing commercial organization or enterprise;

(B) aliens were transported in groups of 10 or more; and

(C)(i) aliens were transported in a manner that endangered their lives; or

(ii) the aliens presented a life-threatening health risk to people in the United States.

(b) Seizure and forfeiture

(1) In general

(1) In general

Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a) of this section, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

(2) Applicable procedures

(2) Applicable procedures

Seizures and forfeitures under this subsection shall be governed by the provisions of chapter 46 of Title 18, relating to civil forfeitures, including section 981(d) of such title, except that such duties as are imposed upon the Secretary of the Treasury under the customs laws described in that section shall be performed by such officers, agents, and other persons as may be designated for that purpose by the Attorney General.

(3) Prima facie evidence in determinations of violations

(3) Prima facie evidence in determinations of violations

In determining whether a violation of subsection (a) of this section has occurred, any of the following shall be prima facie evidence that an alien involved in the alleged violation had not received prior official authorization to come to, enter, or reside in the United States or that such alien had come to, entered, or remained in the United States in violation of law:

(A) Records of any judicial or administrative proceeding in which that alien's status was an issue and in which it was determined that the alien had not received prior official authorization to come to, enter, or reside in the United States or that such alien had come to, entered, or remained in the United States in violation of law.

(B) Official records of the Service or of the Department of State showing that the alien had not received prior official authorization to come to, enter, or reside in the United States or that such alien had come to, entered, or remained in the United States in violation of law.

(C) Testimony, by an immigration officer having personal knowledge of the facts concerning that alien's status, that the alien had not received prior official authorization to come to, enter, or reside in the United States or that such alien had come to, entered, or remained in the United States in violation of law.

(c) Authority to arrest

No officer or person shall have authority to make any arrests for a violation of any provision of this section except officers and employees of the Service designated by the Attorney General, either individually or as a member of a class, and all other officers whose duty it is to enforce criminal laws.

(d) Admissibility of videotaped witness testimony

Notwithstanding any provision of the Federal Rules of Evidence, the videotaped (or otherwise audiovisually preserved) deposition of a witness to a violation of subsection (a) of this section who has been deported or otherwise expelled from the United States, or is otherwise unable to testify, may be admitted into evidence in an action brought for that violation if the witness was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence.

(e) Outreach program

The Secretary of Homeland Security, in consultation with the Attorney General and the Secretary of State, as appropriate, shall develop and implement an outreach program to educate the public in the United States and abroad about the penalties for bringing in and harboring aliens in violation of this section.

CREDIT(S)

(June 27, 1952, c. 477, Title II, ch. 8, § 274, 66 Stat. 228; Nov. 2, 1978, Pub.L. 95-582, § 2, 92 Stat. 2479; Dec. 29, 1981, Pub.L. 97-116, § 12, 95 Stat. 1617; Nov. 6, 1986, Pub.L. 99-603, Title I, Part B, § 112, 100 Stat. 3381; Oct. 24, 1988, Pub.L. 100-525, § 2(d), 102 Stat. 2610; Sept. 13, 1994, Pub.L. 103-322, Title VI, § 60024, 108 Stat. 1981; Sept. 30, 1996, Pub.L. 104-208, Div. C, Title II, §§ 203(a) to (d), 219, Title VI, § 671(a)(1), 110 Stat. 3009-565, 3009-566, 3009-574, 3009-721; Apr. 25, 2000, Pub.L. 106-185, § 18(a), 114 Stat. 222; Dec. 17, 2004, Pub.L. 108-458, Title V, § 5401, 118 Stat. 3737; Nov. 10, 2005, Pub.L. 109-97, Title VII, § 796, 119 Stat. 2165.)

[FN1] So in original. Probably should be "clause".

2000 Acts. Pub.L. 106-185, § 21, Apr. 25, 2000, 114 Stat. 225, provided that: "Except as provided in section 14(c) [enacting a note provision under section 2466 of Title 28 relating to the enactment of 28 U.S.C.A. § 2466 applicable to cases pending on or after Apr. 25, 2000], this Act and the amendments made by this Act [Civil Asset Forfeiture Reform Act of 2000, Pub.L. 106-185, Apr. 25, 2000, 114 Stat. 202, enacting sections 983 and 985 of Title 18, section 2467 of Title 28, amending this section, and sections 981, 982, 984, 986, 2232, 2254, and 3322 of this title, section 1621 of Title 19, section 881 of Title 21, sections 524, 2461, 2465, and 2680 of Title 28, and section 2996f of Title 42, repealing section 888 of Title 21, and enacting provisions set out as notes under section 3724 of Title 31] shall apply to any forfeiture proceeding commenced on or after the date that is 120 days after the date of the enactment of this Act [Apr. 25, 2000]."

Current through P.L. 110-176 (excluding P.L. 110-140, 110-149, 110-161, and 110-172 to 110-175) approved 1-4-08

Copr. (C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telecopier: (671) 472-7334
Telephone: (671) 472-7332

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

UNITED STATES OF AMERICA,

                  Plaintiff,

    vs.

MI KYUNG BOSLEY, aka
MI KYUNG PARK.,

                  Defendant.

CRIMINAL CASE NO. 07-00064

**AFFIDAVIT OF RICHARD N. FLORES IN SUPPORT OF REQUEST FOR EXTRADITION**

I, RICHARD N. FLORES, being first duly sworn, do depose and say:

1. I am a citizen of the United States.

2. I am a Special Agent of Immigration and Customs Enforcement (ICE) and have been a Special Agent (S/A) for ten months. I am currently assigned to ICE Guam Office. I have reviewed investigative reports and evidence concerning the investigation conducted by ICE of the criminal activities of MI KYUNG BOSLEY, aka MI KYUNG PARK, and In Hyuk Kim. The reports reveal the following information.

3. Guam has a Korean Tourist Visa Waiver program which allows Korean citizens to enter Guam as tourists for 15 days, without applying for a visa in advance of their entry to the United States. When a Korean citizen who wishes to enter as a tourist arrives at the Guam International Airport, he receives two forms, an I-736 Guam Visa Waiver Information form, and a Form I-94,

1

GOVERNMENT EXHIBIT D

1   which consists of two parts. The tourist is required to execute the I-736 and the entire I-94.
2   When he passes through Customs & Border Patrol (CBP), the inspector collects the I-736 form
3   and the top part of the I-94 form. The bottom portion of the I-94 is stapled into the tourist's
4   passport. The two forms retained by the CBP inspector are mailed to ACS-INS-SBU Data Input
5   Center, which enters this arrival information into the Treasury Enforcement Computer System
6   (TECS). Thus, CBP has a record of the tourist's date of entry.

7       4. When the tourist returns to Korea, he presents his passport to an airline ticket counter
8   employee, and the airline employee removes the remaining part of the I-94 form from the
9   tourist's passport. The I-94 forms provided by the passengers and the flight passenger manifest
10  are submitted by the airline to CBP. In turn, an agent of CBP mails the collected I-94 forms to
11  the Data Input Center, where the date of the tourist's departure is entered into the computer.

12      5. Beginning in early 2006, ICE Special Agent John Duenas received information that
13  many of the Korean women working at night clubs and bars in the Tumon Bay tourist area had
14  entered Guam on the Korean tourist visa waiver program and had overstayed their 15-day limit
15  for the purposes of obtaining employment. The informant told S/A Duenas that the owners of
16  these night clubs were giving their employees' I-94 forms to an employee of Korean Air, and
17  paying this individual to file the I-94 forms so that it would appear that the Korean women had
18  returned to Korea, when in fact they were still employed on Guam. The informant identified the
19  Korean Air employee as In Hyuk Kim, and further said that one of the nightclub owners was MI
20  KYUNG BOSLEY, aka MI KYUNG PARK.

21      6. S/A Duenas caused the informant to approach MI KYUNG BOSLEY. Acting at the
22  direction of S/A Duenas and other ICE agents, the informant asked MI KYUNG BOSLEY if she
23  would help him keep certain Korean citizens on Guam, by filing their I-94 Forms to make it
24  appear that they had left within the prescribed 15 days. MI KYUNG BOSLEY agreed. On
25  November 6, 2006, the informant met MI KYUNG BOSLEY and gave her copies of the
26  passports and I-94 numbers for three individuals whom he represented had entered Guam as

27

28                                              2

1 Korean tourists and had overstayed their 15-day limit. At that time MI KYUNG BOSLEY

2 accepted $1,400 from the informant. After the meeting, ICE agents followed MI KYUNG

3 BOSLEY and observed her deliver the documents In Hyuk Kim, for the purpose of causing the I-

4 94 forms to be entered into the TECS computer. MI KYUNG BOSLEY and In Hyuk Kim

5 believed these three women had remained on Guam.

6 7. On November 17, 2006, MI KYUNG BOSLEY met with the informant again and

7 accepted $800 for the purpose of ensuring that an I-94 form purportedly issued to a fourth

8 Korean tourist would be delivered to In Hyuk Kim, so that he would enter it into the TECS

9 system, again to reflect that this person had left Guam. MI KYUNG BOSLEY was followed and

10 observed to meet with In Hyuk Kim again. Later, the informant was present with MI KYUNG

11 BOSLEY when In Hyuk Kim telephoned her and asked for the e-ticket number of this "tourist.".

12 8. On January 16, 2007, In Hyuk Kim met personally with the ICE informant to discuss

13 the status of the I-94 forms which he had received from MI KYUNG BOSLEY.

14 9. On July 25, 2007, In Hyuk Kim and MI KYUNG BOSLEY were indicted by a federal

15 grand jury and the District Court of Guam issued a warrant for their arrest. Copies of that

16 indictment and warrant are attached to this extradition application as Exhibits A and B. On July

17 31, 2007, ICE S/A Duenas and other agents arrested In Hyuk Kim, who waived his

18 Constitutional right to remain silent and agreed to speak to S/A Duenas. In Hyuk Kim told S/A

19 Duenas the following:

20 (a) In Hyuk Kim was employed by Korean Air and worked as a customer service agent. In

21 that capacity, he routinely removed Korean tourists' I-94 forms from their passports and

22 collected them for submission to CBP. Beginning sometime in 2003, In Hyuk Kim agreed to a

23 scheme proposed by Won Bae Suh, who owned a nightclub which employed Korean women who

24 had entered as tourists but overstayed their 15-day visa. These women were remaining on Guam

25 unlawfully and in violation of United States immigration laws. In Hyuk Kim agreed to file the I-

26 94 departure form for one of Suh's employees, to make it appear that the employee had left

27

28 3

1    Guam, when in fact the employee remained on Guam working. Subsequently, In Hyuk Kim
2    prematurely filed I-94 forms for approximately 24 Korean citizens who had overstayed their
3    tourist visas and remained on Guam. When these individuals desired to leave Guam, defendant
4    would change information such as their date of birth, so that a different person was reflected on
5    the passenger manifest than the person who was actually leaving.

6        (b) In Hyuk Kim told S/A Duenas that in 2006, MI KYUNG BOSLEY had given him I-94
7    forms and documentation for four Korean women, and that he had received $1,200 from her to
8    falsely submit the I-94 forms for entry in the TECS computer. He said that he had not submitted
9    these forms to CBP as he had agreed, because he heard rumors that there was an ICE
10   investigation at the Guam International Airport. Kim advised, however, that he had continued to
11   help nightclub employees who had unlawfully overstayed their tourist visas to return to Korea, by
12   submitting false biographical information when they checked in for the Korean Air flight home.

13       10. I have examined the "A" file concerning MI KYUNG BOSLEY. Every alien who
14   submits any applications, or who has any contact with United States agencies which enforce the
15   United States immigration laws, is assigned an Alien Registration Number, or "A" number,
16   which is unique to that person. The A file is the repository for all documents and records of any
17   actions concerning that particular alien. MI KYUNG BOSLEY's A number is 076208172. Her
18   A file reflects that Eric Scott Bosley, a U.S. citizen, filed an I-130 Petition for Alien Relative,
19   based upon the fact that he had married MI KYUNG PARK on April 28, 2001. The Petition was
20   filed August 5, 2002, and duly adjudicated. The petition reflects that MI KYUNG BOSLEY has
21   the biographical data set forth below in ¶ 10. The Petition was granted on October 10, 2003.
22   Accordingly, MI KYUNG BOSLEY was given lawful permanent residence status because she
23   had married a United States citizen, and she was issued an I551 card, a permanent resident alien
24   card commonly known as a "green card." The A file further reflects that on July 10, 2007, MI
25   KYUNG BOSLEY came into the Agana Application Support Center, a division of the Bureau of
26   Citizenship and Immigration Services (CIS), and applied to replace a lost green card. At that

27

28                                                    4

1  time, she was photographed, fingerprinted, and her biographical data was confirmed. MI

2  KYUNG BOSLEY's A file also contains a photocopy of her Korean passport which expired

3  January 16, 2006.

4      11. MI KYUNG BOSLEY, aka MI KYUNG PARK, is described as follows:

5          Race:  Asian                           Place of Birth: Republic of Korea

6          Date of Birth: August 7, 1976           Sex:  Female

7          Height: 64 inches                       Weight: approximately 125 pounds

8          Passport Number: SC0974944              Korean ID Number: 2069726

9      12. I have reason to believe that MI KYUNG BOSLEY is in Korea.  At the time of her

10  indictment, ICE had entered her arrest warrant into the TECS system, so that the CBP passenger

11  analysis unit could screen the manifests on any outgoing flights and prevent MI KYUNG

12  BOSLEY from boarding a plane. The lookout, however, failed to specify her maiden name, MI

13  KYUNG PARK.  On August 10, 2007, MI KYUNG BOSLEY presented Document #

14  GM9070013, in the name of MI KYUNG PARK, to a Korean Air representative and was

15  allowed to board a plane for Korea.

16      13. I have talked to the administrative assistant for the Korean Vice-Consul General of

17  Guam, Neung Kap Park.  Mr. Park told me that on August 8, 2007, a woman calling herself MI

18  KYUNG PARK attempted to apply for a replacement Republic of Korea passport.  The

19  Consulate refused to give her a replacement passport.  Instead, the Consulate issued MI KYUNG

20  PARK a temporary travel permit, Number GM9070013.  This permit, which was issued on

21  August 8, 2007, expired on August 14, 2007.

22      14. I have attached hereto, and incorporate by reference herein as Exhibit 1, the

23  photograph of MI KYUNG BOSLEY, aka MI KYUNG PARK, which was taken on July 10,

24  2007, by agents of the CIS. I have attached hereto and incorporate by reference herein as Exhibit

25  2, the Biographic Information which MI KYUNG BOSLEY submitted as part of her I-130

26  Application, which reflects a Korean address of Song Do Dong 215-11 Ho, Seoul, Korea.  This is

27

28                                          5

the last known Korean address in the A file.   I have also attached hereto, and incorporate by reference herein Exhibit 3, which is the Family Census Register which MI KYUNG BOSLEY submitted as part of her I-130 Petition.

FURTHER AFFIANT SAYETH NAUGHT.


RICHARD N. FLORES
Special Agent
Immigration and Customs Enforcement


**SUBSCRIBED AND SWORN** to before me this 24th day of January 2008.


NOREEN F. SORIAN
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission Expires: Jan. 12, 2010
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96911

6

### Web-ISRS Detail Information



| | |
|---|---|
| **Receipt Number** | |
| MSC0740058115 | |
| **Alien Number** | |
| 076208172 | |
| **Name** | |
| BOSLEY, MI KYUNG | |
| **Date of Birth** | |
| 08/07/1976 | |
| **Country of Birth** | |
| KOREA, SOUTH | |
| **Form Number** | |
| I90 | |
| **Serial Number** | |
| 18423738 | |
| **Image Source** | |
| MSC | |
| **Image Capture Date** | |
| 07/10/2007 | |

Export | Close | Print

 

U.S. Department of Justice
Immigration and Naturalization Service

**BIOGRAPHIC INFORMATION**

OMB No. 1115-0066
Approval expires 4-30-85

| (Family name) **BOSLEY** | (First name) **MI Kyung** | (Middle name) **None** | ☐ MALE ☒ FEMALE | BIRTHDATE (Mo.-Day-Yr.) **08/07/1976** | NATIONALITY **Korean** | FILE NUMBER A. ~~None~~ 76-203/7. |
|---|---|---|---|---|---|---|

| ALL OTHER NAMES USED (Including names by previous marriages) **PARK, MI Kyung** | CITY AND COUNTRY OF BIRTH **Seoul          Korea** | SOCIAL SECURITY NO. (If any) **None** |
|---|---|---|

|  | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH (If known) | CITY AND COUNTRY OF RESIDENCE |
|---|---|---|---|---|
| FATHER | **PARK** | **Seok Woo** | **11/28/1955     Korea** | **Seoul, Korea** |
| MOTHER (Maiden name) | **KIM** | **Hwa Sun** | **11/30/1955     Korea** | **Seoul, Korea** |

| HUSBAND(If none, so state) OR WIFE | FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | CITY & COUNTRY OF BIRTH | DATE OF MARRIAGE | PLACE OF MARRIAGE |
|---|---|---|---|---|---|---|
| **(Husband) BOSLEY** |  | **Eric** | **09/21/1978** | **Upshur County WV, USA** | **04/28/2001** | **Guam, USA** |

FORMER HUSBANDS OR WIVES (If none, so state)

| FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | DATE & PLACE OF MARRIAGE | DATE AND PLACE OF TERMINATION OF MARRIAGE |
|---|---|---|---|---|
| **None** |  |  |  |  |

APPLICANT'S RESIDENCE LAST FIVE YEARS, LIST PRESENT ADDRESS FIRST

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| **1511A Midway Drive** | **Yigo** | **Guam** | **USA** | **Apr** | **2001** | PRESENT TIME | |
| **Song Do Dong 215-11 Ho** | **Seoul** |  | **Korea** | **May** | **1996** | **Apr** | **2001** |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATES OF MORE THAN ONE YEAR

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| **Song do Dong 215-11 Ho** | **Seoul** |  | **Korea** | **May** | **1996** | **Apr** | **2001** |

APPLICANT'S EMPLOYMENT LAST FIVE YEARS. (IF NONE, SO STATE.) LIST PRESENT EMPLOYMENT FIRST

| FULL NAME AND ADDRESS OF EMPLOYER | OCCUPATION (SPECIFY) | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|
| **Unemployed** | **None** | **Aug** | **1997** | PRESENT TIME | |
| *Shin Ju Mc* | *Demon Chew 4 Pet* | *2002* | *May* | *2003* | |
|  | *Pet* |  |  |  |  |
|  |  |  |  |  |  |

Show below last occupation abroad if not shown above. (Include all information requested above.)

| **None** |  |  |  |  |  |
|---|---|---|---|---|---|

| THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR: ☐ NATURALIZATION   ☐ OTHER (SPECIFY) ☒ STATUS AS PERMANENT RESIDENT | SIGNATURE OF APPLICANT | DATE **AUG 06 2002** |
|---|---|---|
| Are all copies legible?   ☒ Yes | If your native alphabet is other than roman letters, write your name in your native alphabet here: X *Bosley M. Ejung* | |

PENALTIES: SEVERE PENALTIES ARE PROVIDED BY LAW FOR KNOWINGLY AND WILLFULLY FALSIFYING OR CONCEALING A MATERIAL FACT.

## APPLICANT:
BE SURE TO PUT YOUR NAME AND ALIEN REGISTRATION NUMBER IN THE BOX OUTLINED BY HEAVY BORDER BELOW.

| COMPLETE THIS BOX (Family Name) **BOSLEY** | (Given name) **MI Kyung** | (Middle name) **None** | (Alien registration number) ~~None~~ *A76-208/72* |
|---|---|---|---|

**EXHIBIT 2**

등부　　　년　제　　　　호

Registered No. 2001 − 60

# 인　　　증　　　서

## NOTARIAL CERTIFICATE

주호놀루루총영사관 하갓나 출장소

**Consulate Agency of the Republic of Korea in Hagatna**

Guam, U. S. A.

# FAMILY CENSUS REGISTER

**PERMANENT ADDRESS** : #194 Segok-ri Bongdam-eup Hwasung-kun Kyunggi-do

**DESCRIPTION** : This family census register was formed upon report of marriage on October 29, 1998 and established a statutory branch family.

The name of administrative district was changed from "Bongdam-myun" to "Bongdam-eup" on April 1, 1998.

**HOUSEHOLDER** : Seok Woo PARK
**DATE OF BIRTH** : December 2, 1955
**SEX** : Male
**FATHER** : Chan Won PARK
**MOTHER** : Yeon Sun SHIM
**FAMILY ORIGIN** : Beonnam
**FORMER REGISTER** : Child of Chan Won PARK, the householder of #194 Segok-ri Bongdam-myun Hwasung-kun
**RESIDENT I.D. NO.** : 551202-1067026
**REMARKS** : Born at #194 Segok-ri Bongdam-myun Hwasung-kun and this was reported by father on March 1, 1956.

Married to Hwa Sun KIM, this reported on October 29, 1978 and established a statutory branch family.

Divorced to Hwa Sun KIM by mutual agreement, this reported on May 12, 1999 and it was sent by the Chief of Youngdeungpo-ku Ward Office on the 20th of the same month.

| | |
|---|---|
| **WIFE** | : Hwa Sun KIM |
| **DATE OF BIRTH** | : November 30, 1955 |
| **SEX** | : Female |
| **FATHER** | : Yong Woon KIM |
| **MOTHER** | : Seon Ja LIM |
| **NEW REGISTER** | : Kyung Hwan KIM, #188 Singil-dong Youngdeung-po-ku, Seoul, Korea |
| **RESIDENT I.D. NO.** | : 551130-2067014 |
| **REMARKS** | : Born at #188 Singil-dong Youngdeungpo-ku Seoul and this was reported by father on June 22, 1961. Married to Seok Woo PARK and this reported on October 29, 1978. Divorced to Seok Woo PARK by mutual agreement, this reported on May 12, 1999 and it was sent by the Chief of Youngdeungpo-ku Ward Office on the 20th of the same month, |

| | |
|---|---|
| **CHILD** | : Mi Kyung PARK |
| **DATE OF BIRTH** | : August 7, 1976 |
| **SEX** | : Female |
| **FATHER** | : Seok Woo PARK |
| **MOTHER** | : Hwa Sun KIM |
| **RESIDENT I.D. NO.** | : 760807-2069726 |
| **REMARKS** | : Born at #65 Sangdo-4dong Kwanak-ku and this was reported by father on February 28, 1979. |

| | |
|---|---|
| **CHILD** | : Kyu Taek PARK |
| **DATE OF BIRTH** | : March 8, 1980 |
| **SEX** | : Male |
| **FATHER** | : Seok Woo PARK |
| **MOTHER** | : Hwa Sun KIM |
| **RESIDENT I.D. NO.** | : 800308-1058420 |

**REMARKS** : Born at #13 Onsoo-dong Kuro-ku Seoul, this was reported by father on April 12, 1980 and it was sent by the Chief of Kuro Ward Office on April 15,1980.

This is to certify that the above stated Family Census Register is not a variance with the original family census register which is filed at this office.

THIS IS TO CERTIFY THAT THE ABOVE TRANSLATION IS CORRECT AND ACCURATE TO THE ORIGINAL ATTACHED:



WON SUN PARK
Interpreter-Translator
No. 681 Suite 101 W. Marine Dr,
~ ~~, Guam 9~~~

Date : April 9, 2001
/S/ AFFIXED OFFICIAL SEAL & STAMP
JAE MAN SHIM
CHIEF OF BONGDAM-EUP OFFICE
HWASUNG-SI KYUNGGI-DO, KOREA

SIGNED BY: 박 미 경

MI KYUNG PARK

本籍　경기도 화성군 봉담면 세우 리 흐九四 번지

서기 1998년 4월 1일 행정구역 명칭변경 (봉담면)을 (봉담읍)으로 경정

| | | | |
|---|---|---|---|
| 父 | 洞 贊 元 | | 전호적 | 화성군봉담면세우리흐九四번지호주화贊元의차 |
| 母 | 菜 連 煩 古 濬南 | | 入籍또는신호적 | |
| 戸主 | 洞 錫 雨 | | 出生 | 서기흐九五五년 拾 弍월 弍일 |

住民番號 141202-1167026

화성군봉담면세우리에서 출생 동서기흐년弍선축 월흐 일부신고

서기흐九入년拾弍월九일 金和煩과흐인신고로 신전호기

1999년 5월 12일 김화손과 협의이혼신고, 동월 20일 서울시 영등포구청장 송부





No.

# 정조대왕의 효심이 깃들인 고장

# 화 　 성 　 군

| 발급번호 | 875 | 증명기관 | 경기도화성시봉담읍 |
|---|---|---|---|
| 담 당 자 | 지방행정서기 유성자 | 발급문의처 | 031) 227- 1300~2 |

위 등(초)본은 호적(제적)의 원본과 틀림없음을 인증합니다.

2001년 4 월 ○ 일

경기도 화성시 봉담읍장 심재만



ㄴ — 4(ㄷ)

위 번역문은 원문과 상위없음을
서약합니다.

서약인                    인

I swear that the attached trans-
lation is true to the original.

_(signature)_
signature

---

등부        년    제        호
            인    증

위                            은
본직의 면전에서 위 번역문이 원문과 상이없
음을 확인하고 서명 날인하였다. 이 공관애
서 위 인증한다.

        년        월        일

성명 :                    ㉑

직위 :

재외공관명칭 : 주호놀루루총영사관 하갓나 출장소

소재지 : 미국 하갓나

Registered No. 2001 - 60

Notarial Certificate FAMILY CENSUS

REGISTER                    personally

appeared before me, confirmed that

the attached translation is true to the

original and subscribed his (her) name.

This is hereby attested

on this            day of

at this office.

_HONG SU PARK_
HONG SU PARK
CONSUL

Consulate Agency of the Republic of Korea
in Hagatna

Guam, U.S.A.

20208-07511임
93. 11. 10. 승인

210㎜×297㎜〔인쇄용지(특급) 70g/㎡〕